◼ In the Matter of the Estate of BLANCHE T. MILLER, Deceased. ROBERT TAYLOR, Appellant; GEORGE TAYLOR, as Executor of

BLANCHE T. MILLER, Deceased, Respondent. — Per Curiam. Appeal from an order of the Surrogate's Court of Otsego County (Ingraham, S.), entered December 9, 1983, which, *inter alia,* denied petitioner's application for the conveyance of certain real property owned by decedent's estate.

Blanche T. Miller died testate on July 1, 1964. Her will contained the following paragraph: "FOURTH: I give, devise and bequeath to my son Robert Taylor and to my grand-son Garry Taylor, or the survivor of them, the life use of all real estate owned by me in the Town of New Lisbon, Otsego County, New York. After the death of the survivor of my said son or grand-son, I give, devise and bequeath the said real estate in the town of New Lisbon, Otsego County, New York, to the blood heirs of my said grand-son Garry Taylor, in equal shares. In the event that my said grand-son Garry Taylor, shall leave no blood heirs, I direct that the said real estate shall be sold by my Executors and Trustees hereinafter named and the proceeds added to the principal of the trust fund hereinafter established."

Garry[*] Taylor, grandson of the decedent, died on September 28, 1983. He had never married. His closest surviving blood relatives were his mother and father. His next closest relative was a sister. Robert Taylor, his father, is the same person mentioned in the fourth paragraph of the will.

Following Garry's death, his father commenced a proceeding in Surrogate's Court seeking an order directing the executor of decedent's estate to transfer title to the described real property to them in fee simple as the "blood heirs" of Garry Taylor. The executor responded by petitioning Surrogate's Court for a construction of the disputed paragraph. The court concluded that the power to convey an interest in the subject property was conditioned upon the extinguishment of the life interest held by the survivor of the two owners of the life estate. The court thus found that the application for a conveyance of the property was premature, and denied the demanded relief. We agree.

The language of the will is explicit (*see, Matter of Clark,* 54 Misc 2d 1015, 1021-1022). There is to be no conveyance of the remainder interest in the property until the death of the survivor of the two owners of the life estate (*see, Matter of Swett,* 52 AD2d 330, 333-335). There was no necessity to resolve the issue of the definition of the term "blood heirs" nor the issue of determining whether the date of Garry's death or the date of his father's death would control the identification of Garry's blood

---

[*] Although the correct spelling of this legatee's given name is apparently "Gary", we use the spelling employed by the decedent in her will.

heirs. When the time comes for such decision, it will be made after notice to all persons interested.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.